UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD CAMPBELL,

    Plaintiff,

v.                                                                   Case No: 3:18-cv-755-J-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## **OPINION AND ORDER**

Plaintiff, Richard Campbell, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for a period of disability, DIB and SSI on April 2, 2015, alleging disability beginning March 31, 2009. (Tr. 203, 210). Plaintiff's applications were denied initially on May 12, 2015. Plaintiff's claim for a period of disability and DIB was denied on reconsideration, but Plaintiff's claim for SSI was granted on reconsideration. (Tr. 10, 96-101, 110). Plaintiff requested a hearing, and, on May 4, 2017, an administrative hearing was held before Administrative Law Judge Gregory J. Froehlich (the "ALJ"). (Tr. 31-52). On July 3, 2017, the ALJ entered an unfavorable decision finding Plaintiff not disabled. (Tr. 10-23). Plaintiff requested review of the decision and the Appeals Council denied Plaintiff's request on May 14, 2018. (Tr. 1-6). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on June 12, 2018. The parties having filed a joint memorandum setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

The ALJ noted that Plaintiff had previously filed an application which was denied on September 27, 2012, and, therefore, *res judicata* applied to the period from Plaintiff's alleged onset date to September 27, 2012. (Tr. 12).

At step one of the sequential evaluation, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of March 31, 2009, through his date last insured of June 30, 2014. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: schizophrenia and obsessive-compulsive disorder. (Tr. 12). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"), through the date last insured, to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant is limited to performing simple tasks with little variation that takes a short period of time to learn (up to and including 30 days):, i.e., jobs with a Specific Vocational preparation (SVP) level of 1 or 2. The claimant is able to deal with the changes in a routine work setting, but is limited to work settings that do not require production-paced work. The claimant is able to relate adequately to supervisors, but is limited to occasional contact with coworkers and no contact with the general public.

(Tr. 14). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a dining room attendant. (Tr. 17).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform the work requirements of such jobs as box bender, assembler/arranger, and folder. (Tr. 18). The ALJ concluded that Plaintiff was not under a disability at any time from March 31, 2009, the alleged onset date, through June 30, 2014, the date Plaintiff was last insured. (Tr. 19).

## II. Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the opinion of treating psychiatrist Raul Soto-Acosta, M.D. (Doc. 16 p. 8-12). Plaintiff argues that the ALJ failed to sufficiently explain his reasoning in rejecting Dr. Soto-Acosta's opinions. (Doc. 16 p. 12). According to Plaintiff, the reasons the ALJ gave for rejecting the opinions were "blanket, broad statements that evidence no analysis of" Dr. Soto-Acosta's opinions. (Doc. 16 p. 12). In response, Defendant argues that the ALJ provided sufficient reasons for concluding that Dr. Soto-Acosta's opinions were entitled to little weight. (Doc. 18 p. 10-14).

The record shows that Dr. Soto-Acosta has been Plaintiff's treating psychiatrist since approximately 2000. (Tr. 379-80). The first evidence in the record from Dr. Soto-Acosta is dated September 11, 2012. Dr. Soto-Acosta diagnosed schizo-affective disorder and obsessive-compulsive disorder. (Tr. 346-48).

Plaintiff returned to Dr. Soto-Acosta on December 4, 2012. Dr. Soto-Acosta noted schizoaffective disorder and obsessive-compulsive disorder. Plaintiff reported that he was hearing voices. Dr. Soto-Acosta assessed Plaintiff with a Global Assessment of Functioning (GAF) score of 48, indicative of serious problems. (Tr. 343-44).

Plaintiff returned to Dr. Soto-Acosta on May 29, 2013 with the same diagnoses mentioned. Dr. Soto-Acosta assessed a GAF score of 50, again indicative of serious problems. (Tr. 339-42).

Plaintiff returned to Dr. Soto-Acosta on February 18, 2014. Dr. Soto-Acosta noted that Plaintiff reported the voices would "come and go" and that his parents were dispensing his medication. Dr. Soto-Acosta indicated that Plaintiff was unable to work. (Tr. 331-34).

On May 13, 2014, Dr. Soto-Acosta noted that Plaintiff's father provided that Plaintiff talks out loud to himself in his room and then denies it. Dr. Soto-Acosta mentioned again that Plaintiff was "unable to work". (Tr. 327-30).

In notes dated August 6, 2014 and October 29, 2014, Dr. Soto-Acosta noted that Plaintiff was hearing voices, was socially isolated and was accusing neighbors of taking personal property and was "unable to work". The diagnoses in these notes were the same as previously stated. (Tr. 319-25).

On May 1, 2015, Dr. Soto-Acosta completed a form in which he indicated that Plaintiff was paranoid with a short attention span and was unfocused. He further indicated that Plaintiff admitted to hearing voices but would not elaborate and was evasive. Dr. Soto-Acosta noted diagnoses of schizo-affective disorder and obsessive-compulsive disorder. Dr. Soto-Acosta opined that Plaintiff was not capable of sustaining work activity for eight hours a day, five days a week and the basis for that opinion was his inability to concentrate or focus or remember protocols and he "gets paranoid". (Tr. 351-53).

On June 15, 2016, Dr. Soto-Acosta penned a letter outlining that he has been Plaintiff's treating psychiatrist since he was nineteen years old. He indicated that at the time of his first encounter Plaintiff exhibited signs of "psychosis with paranoid, mood swings and severe Obsessive-Compulsive Disorder". According to the letter the plaintiff has marked difficulties maintaining social functioning and his condition has deteriorated to the point that he has no close friends and only interacts with his immediate family. He is unable to keep schedules or to adjust to changes in work because of his medical/psychiatric condition. (Tr. 379-380).

In his decision, after reviewing and summarizing the medical record from Dr. Soto-Acosta, the ALJ weighed Dr. Soto-Acosta's opinions as follows:

> Little weight is given to Dr. Soto-Acosta's pre-date last insured statement that the claimant could not work (Exhibit B2F), as it is not supported by the mental status examination findings or the corresponding treatment notes. In addition, little weight is given to his post-date last insured opinions, as the evidence suggests that his condition worsened after the date last insured, which falls outside the applicable period of adjudication.

(Tr. 17).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In this case, the Court does not find it appropriate to remand. In his decision, the ALJ thoroughly reviewed the medical record from Dr. Soto-Acosta and explained his reasoning for giving Dr. Soto-Acosta's opinions little weight. Plaintiff contends that the ALJ's reasoning was broad and conclusory, but in the context of the ALJ's discussion of the record from Dr. Soto-Acosta, the Court does not find this to be the case. The ALJ noted that although Plaintiff's condition was chronic, it remained stable and well-managed with medication through the end of his insured status. (Tr. 15-17, 327-28, 331-32, 335-36, 339-40, 434-44).

In any event, as to Dr. Soto-Acosta's opinions proffered before the expiration of Plaintiff's insured status, it appears these opinions were not entitled to any deference. The treatment notes provide that Plaintiff was "unable to work." (Tr. 325, 329, 333). Such opinions are not entitled to great weight as they are not medical opinions, but opinions on the ultimate issue of disability reserved to the Commissioner. *See Patterson v. Chater*, 983 F. Supp. 1410, 1414 (M.D. Fla 1997) (stating that opinions that a claimant is disabled or unable to work are issues reserved for the Commissioner); *Zingale v. Astrue*, 2012 WL 1130562, at *7 (M.D. Fla. Mar. 12, 2012), *report and recommendation adopted*, 2012 WL 1131995 (M.D. Fla. Apr. 4, 2012)(explaining that "[u]nder 20 C.F.R. §§ 404.1527(e) and 416.927(e), "some issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case ... that would direct the determination or decision of disability").

Further, the Court rejects Plaintiff's arguments concerning the ALJ's treatment of the opinions offered by Dr. Soto-Acosta after the expiration of Plaintiff's insured status. In his decision, the ALJ explained that Dr. Soto-Acosta's post-date last insured opinions were entitled to little weight because they fell outside of the relevant time period and the evidence suggests Plaintiff's condition deteriorated after his date last insured. The ALJ also noted that the evidence

showed that Plaintiff's condition deteriorated after June 30, 2014, which supported the ALJ's determination that the later opinions did not establish disability prior to the expiration of Plaintiff's insured status. Dr. Soto-Acosta's post-date last insured opinions do not provide that his findings applied during the relevant time period. *See Mason v. Comm'r of Soc. Sec.,* 430 F. App'x 830, 833 (11th Cir. 2011) (holding that the ALJ correctly found that the physician's opinion was irrelevant because the opinion did not state that it pertained to the disability period and the evidence tended to show that Mason's condition worsened between her last-insured date and the assessment date); *see also Law v. Colvin*, 681 F. App'x 828, 833-34 (11th Cir. 2017) (recognizing that treatment records from appointments occurring many months after the expiration of Law's insured status did not establish whether she was disabled on or before the date last insured).

The Court is not persuaded by Plaintiff's argument that the ALJ improperly discounted Dr. Soto-Acosta's opinion given that state agency consultant Sally Rowley, Psy.D. opined that Plaintiff met a listed impairment for purposes of receiving SSI benefits. (Tr. 88-91). Importantly, Dr. Rowley's opinion that he met a listed impairment was dated August 10, 2015, almost nine months after the expiration of Plaintiff's insured status. (Tr. 90, 223). Thus, it was not relevant to the time period at issue for his DIB application. *See* 42 U.S.C. §§ 416(i), 423(c)(1); 20 C.F.R. §§ 404.101, 404.130, 404.131. Moreover, as discussed above, the medical evidence showed that Plaintiff's condition, although chronic, remained stable and well-managed with medication through the end of his insured status (Tr. 15-17, 327-28, 331-32, 335-36, 339-40, 434-44). While the evidence suggests his condition subsequently deteriorated, and the state court declared him incompetent, this deterioration occurred after his insured status expired and, thus, does not undermine the ALJ's conclusion that he was not disabled on or before June 30, 2014.

Plaintiff has failed to demonstrate that the ALJ improperly evaluated the opinions of Dr. Soto-Acosta. Accordingly, the Court will not disturb the ALJ's findings upon review.

**III.  Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 3, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties